IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ANGELA AYRES,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: RWT 09cv2077 |
| v. | * | |
| | * | |
| **BIERMAN, GEESING & WARD, LLC,** | * | |
| **ET AL.,** | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

In August of 2009, Plaintiff Angela Ayres, pro se, filed a Complaint, alleging that Defendants Bierman, Geesing & Ward, LLC, Howard Bierman, Jacob Geesing, and Carrie M. Ward wrongfully discharged her because of her asthma. See Paper No. 1. Pending before the Court are cross-motions for summary judgment. See Paper Nos. 10, 12. Because Plaintiff's claims are not supported by the facts as alleged or the record and were not brought within the applicable statutes of limitations, the Court will, by separate order, grant Defendants' Motion To Dismiss the Complaint or, In the Alternative, for Summary Judgment (Paper No. 10) and deny Plaintiff's Cross-Motion for Summary Judgment (Paper No. 12).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff began working as a title examiner for the law firm of Bierman, Geesing & Ward, LLC in August of 2005. Compl. ¶ 9. Due to severe asthma, Plaintiff altogether stopped going to work as of January 3, 2007. Id. at ¶ 17. Two weeks later, Plaintiff sent the firm a letter from her doctor stating that she was disabled due to her asthma. Id. at ¶ 18. In February of 2007, Plaintiff requested that the firm's personnel administrator, Keith Bolton, process her forms requesting

long term disability insurance. Id. at ¶ 19. By telephone and by a letter dated February 15, 2007, Mr. Bolton informed Plaintiff that the firm considered her to be on medical leave. Id. at ¶ 23. Two months later, Plaintiff received a letter of approval for long term disability insurance through the firm's insurance carrier. Id. at ¶ 27.

By letter dated June 21, 2007, the firm fired Plaintiff, notified her that her health insurance would terminate as of July 1, 2007, and advised her of her right to elect health insurance under a Consolidated Omnibus Budget and Reconciliation Act of 1985 ("COBRA") plan. Id. at ¶ 28. Plaintiff sent a letter to the firm on June 26, 2007, protesting her firing and advising the firm that her doctor had not year cleared her to return to work. Id. at ¶ 29. In response, the firm sent her a letter, confirming her termination and agreeing to pay her health insurance premiums for another month. Id. at ¶ 31.

Meanwhile, on February 19, 2007, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination. Id. at ¶ 24. The EEOC found no cause for discrimination and provided Plaintiff with a right to sue letter on May 9, 2009. Id. Plaintiff filed a Complaint with this Court against the law firm and its three named partners on August 6, 2009. See Paper No. 1. Pending before the Court are cross-motions for summary judgment. See Paper Nos. 10, 12.

## STANDARD OF REVIEW

In evaluating a summary judgment motion, the court must assess whether there are any issues of material fact and whether the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006); Fed. R. Civ. P. 56. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his]

pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## ANALYSIS

In her Complaint, Plaintiff alleges violations of the Americans with Disabilities Act of 1990 ("ADA") [Count I], COBRA [Count II], the Family Medical Leave Act ("FMLA") [Count III], the Health Insurance Portability Accountability Act of 1996 ("HIPAA") [Count IV], Maryland state law relating to the covenant of good faith and fair dealing [Count V], and Maryland state law for wrongful termination in violation of FMLA [Count VI].  Each of these counts will be addressed in turn.

    **I.    Count I**

Count I of the Complaint alleges a violation of the ADA.  A claim under the ADA requires a plaintiff to be able to prove (1) that she is an individual with a disability, (2) that she can, with or without reasonable accommodation, perform the essential functions of a job, (3) that she was discriminated against in employment by a covered entity, and (4) that she suffered this discrimination because of her disability.  See Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal., 31 F.3d 209, 212–13 (4th Cir. 1994).

Plaintiff cannot meet her burden of proving that she was able to perform the essential functions of her job.  Plaintiff was hired to review time-sensitive paper title searches in the firm's office.  See Geesing Aff. 2.  Due to her asthma, Plaintiff admits she did not work from January of 2007 until she was terminated six months later.  Compl. ¶ 17.  Furthermore, Plaintiff admits

that she remained unable to return to her job as of June 21, 2007.  Id. at ¶ 29.  She does not allege that she requested a reasonable accommodation that would enable her to perform title searches away from the office, which the firm contends would not have been possible anyhow.  See Geesing Aff. 6.  Thus, Plaintiff's inability to come into the office for six months equates to an inability to perform the essential functions of her job, and, accordingly, Plaintiff's ADA claim fails.

**II.    Count II**

The second count of the Complaint alleges a violation of COBRA.  The applicable statute of limitations for actions under COBRA is the applicable state law statute of limitations for actions upon a statute for a penalty.  Underwood v. Fluor Daniel, Inc., No. 95-3036, 1997 WL 33123, at *5 (4th Cir. Jan. 28, 1997).  The Maryland statute of limitations for actions upon a statute for a penalty is one (1) year.  See Md. Code Ann., Cts. & Jud. Proc., § 5-107.

Plaintiff's COBRA claim is outside the statute of limitations.  By letter dated June 26, 2007, Plaintiff was instructed to elect COBRA on or before July 1, 2007.  The date was subsequently extended to August 1, 2007.  Plaintiff did not file her COBRA claim until August of 2009, which is well beyond the one (1) year of statute of limitations.  Accordingly, her COBRA claim is time-barred.

**III.   Count III**

In the third count of the Complaint, Plaintiff alleges a violation of FMLA.  The statute of limitations for violations of FMLA is generally two (2) years from the date of the last occurrence.  See 29 U.S.C. § 2617(c)(1).  If, however, the FMLA violation is "willful," then the statute of limitations is three (3) years.  See id. § 2617(c)(2).

Plaintiff was fired on June 27, 2007, see Compl. ¶ 28, but did not file her Complaint until August 6, 2009, see Paper No. 1. Plaintiff's FMLA claim is therefore outside the statute of limitations as long as the alleged FMLA violation was not willful. Plaintiff has not alleged any facts that suggest that the firm violated FMLA willfully. To the contrary, the record reflects that the firm gave Plaintiff seventeen (17) weeks of medical leave, well above the required twelve (12) weeks required under FMLA. See Geesing Aff. 4. In addition, the firm paid her health insurance premiums for seven (7) months and provided her with long term disability insurance from April of 2007 until November of 2008. Id. at 3. Because Plaintiff has not shown that the firm willfully violated FMLA, she is not entitled to the three-year statute of limitations. Accordingly, her FMLA claim is time-barred.

### IV.    Count IV

Count IV of the Complaint alleges a violation of HIPAA, which prohibits discrimination against beneficiaries based on health status, see 42 U.S.C. § 300gg et seq. Plaintiff, however, has not pleaded any facts supporting such a violation. Plaintiff admits that she was provided health insurance by the firm, see Compl. ¶¶ 21–22, and the record reveals that her coverage was terminated because she stopped paying premiums, not because of discrimination, see Geesing Aff. 6. Therefore, Plaintiff has not sufficiently alleged a violation of HIPAA.

### V.    Count V

In Count VI of the Complaint, Plaintiff alleges a violation of the covenant of good faith and fair dealing. Maryland, however, does not recognize a covenant of good faith and fair dealing between an employer and an at-will employee. See Towson Univ. v. Conte, 862 A.2d 941, 949 (Md. 2004). Plaintiff is an at-will employee, see Compl. ¶ 45, and, as such, cannot

allege a violation of a covenant of good faith and fair dealing against her employer under Maryland law.

**VI.    Count VI**

Count VI of the Complaint alleges that Plaintiff was wrongfully discharged for a violation of FMLA under Maryland law.  Maryland, however, only recognizes a wrongful discharge cause of action when the statute relied upon does not have its own remedies.  See Glynn v. Edo Corp., 536 F. Supp. 2d 595, 615 (D. Md. 2008) (citing Wholey v. Sears Roebuck, 803 A.2d 482, 490 (Md. 2002)).  Plaintiff is bringing her wrongful discharge claim under FMLA, and FMLA provides a remedy for wrongful discharge.  See 29 U.S.C. § 2615.  Plaintiff cannot bring a wrongful discharge claim for violation of FMLA under Maryland law as well.

## CONCLUSION

For the foregoing reasons, the Court will by separate order grant Defendants' Motion To Dismiss the Complaint or, In the Alternative, for Summary Judgment (Paper No. 10) and deny Plaintiff's Cross-Motion for Summary Judgment (Paper No. 12).

Date:  February 3, 2010

                                                          /s/
                                              ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE